IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL A. STOCKER,
     Petitioner,

vs.                                    Case No.:  3:13cv468/RV/EMT

MICHAEL D. CREWS,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Petitioner's Motion to Voluntarily Dismiss his habeas petition filed pursuant to 28 U.S.C. § 2254 (doc. 13).  As grounds for dismissal, Petitioner states he has not exhausted his state court remedies with respect to his claims (*id.*).  Petitioner requests dismissal of this habeas action without prejudice to his refiling at a future time (*id.*).

Rule 41(a)(1)(A)(i) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer, or files a motion for summary judgment.  Because Respondent has not yet served an answer in the instant case, it is clear that Petitioner is automatically entitled to a voluntary dismissal at this time.  The dismissal should be without prejudice to Petitioner's refiling the petition when his all of his claims have been exhausted.  However, Petitioner should be aware of 28 U.S.C. § 2244(d), which establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments.  The one-year period normally runs from date upon which the conviction became final, *see* § 2244(d)(1), but the time during which a "properly filed" application for state post-conviction or other collateral review is pending is not counted.  *See* § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000).  Furthermore, Petitioner is advised that the pendency of the instant federal habeas action does not toll the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1).  *See* Duncan v. Walker, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (construing 28

U.S.C. § 2244(d)(2)).  Additionally, the fact that the petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred.

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's Motion to Voluntarily Dismiss his habeas petition (doc. 13) be **GRANTED** and this action dismissed without prejudice.

At Pensacola, Florida, this 8th day of January 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**